RECEIVED
IN LAKE CHARLES, LA

JAN - 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| MOUSTAPHA SACKO | : | DOCKET NO. 05 CV 0264 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOHN ASHCROFT, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the Government's objections to the Report and Recommendation ("R&R") prepared by the Magistrate Judge [doc. 32].[1]

The Magistrate Judge, in his October 25, 2005 R&R, recommends the release of Moustapha Sacko, aka Moustapha Rugina, Moustapha Sock. The Government argues that the Magistrate Judge misplaced the initial burden of proof on the respondents. The Government argues that Sacko failed to present evidence that it was not likely that he would not be removed in the foreseeable future.

As stated by the Government, the ultimate issue before this court is the lawfulness of the petitioner's detention pending the execution of the removal order issued against him. Key to resolving this question is an analysis of the burden of proof established by the court in *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001). In *Zadvydas,* 533 U.S. at 701, 121 S.Ct. at 2505, the court concluded that pre-removal detention up to six months was presumptively reasonable, and explained the burdens of proof thereafter as follows:

> "After this 6-month period, *once the alien* provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not

---

[1] The facts are thoroughly summarized in the Report and Recommendation and in the Government's objection, so they will not be repeated here.

mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." (Emphasis added).

*Kamara v. Gonzales*, 2005 WL 2304519, *1 (W.D.La.) (W.D.La., 2005).

In the R&R, the Magistrate Judge found that the petitioner has the initial burden of showing that there is good reason to believe that there is no significant likelihood of removal in the foreseeable future. The Government argues that the petitioner could not meet this burden by simply showing that he has been detained in excess of fifteen months and because no country (Mali, Burundi or Liberia) has issued a travel document for him.

The presumptively reasonable period to detain an alien is six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After the six-month period, the alien bears the burden of showing there is no significant likelihood of removal in the reasonably foreseeable future. If the alien successfully makes that showing, "the Government must respond with evidence sufficient to rebut that showing." *Id.* "Therefore, in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."*Qing Di Wang v. Carbone*, 2005 WL 2656677, *3 (D.N.J.) (D.N.J.,2005); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.2002); *see also Nma v. Ridge*, 286 F.Supp.2d 469, 474 (E.D.Pa.2003).

An alien is obliged to assist in obtaining a travel document. *See* 8 C.F.R. § 241.4(g)(5); *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003); *Kanteh v. Ridge*, 2005 WL 1719217 (D.MInn. 2005). In the case at bar, the petitioner has provided inaccurate information and fraudulent documents to the Government. He has repeatedly lied about his country of birth. The Magistrate Judge reasoned that the petitioner has provided consistent information to ICE officials from July 2004 to June 2005, but there is no evidence that the information provided by the petitioner during this time period is any more truthful than any other information that

he has provided. The petitioner also consistently asserted that he was born in Mali and even had his family provide a birth certificate from Mali when he ultimately changed his story and asserted that he was born in Burundi.

The Government argues that the Magistrate's ruling allows the petitioner to provide inconsistent information to ICE officials, then later provide purportedly accurate information and to stand by idly and watch the ICE officials attempt to remove him on the basis of the earlier inaccurate information, thus benefitting from his misdeeds.

Based upon the petitioner's habitually inaccurate information, the court finds that he has not met his burden of showing there is no significant likelihood of removal in the reasonably foreseeable future. The Government's objections to the R&R will be sustained and the Government will be allowed six months from the date of this ruling to obtain a travel document from the Republic of Burundi, assuming that this is the true country of origin for this petitioner.

Lake Charles, Louisiana, this 30 day of December, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE